**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:26-cv-80077-EA**

JIANGMEN YULAN RATTAN
FURNITURE FACTORY,

      Plaintiff,

vs.

TWIN STAR INTERNATIONAL,
INC., d/b/a TWIN STAR HOME,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, TWIN STAR INTERNATIONAL, INC. d/b/a TWIN STAR HOME ("Twin Star" or "Defendant"), answers Plaintiff JIANGMEN YULAN RATTAN FURNITURE FACTORY's ("Yulan Rattan" or "Plaintiff") Complaint as follows:

### JURISDICTION AND VENUE

1.     Plaintiff is owed damages in excess of one million, one hundred and eighty-eight thousand, eight hundred and thirty-six dollars and seventy-eight cents ($1,188,836.78), and the controversy between the parties is between (a) a citizen of the State of Florida and (b) a citizen of a foreign country. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(2). **Answer: Twin Star denies that Plaintiff is owed any damages, and further denies that any debt alleged in this Complaint is owed by Twin Star. Twin Star admits that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).**

2.     This Court has subject matter and personal jurisdiction over the Plaintiff, who consents to the jurisdiction of this Court, and Defendant pursuant to 28 U.S.C. § 1332. **Answer: Admitted.**

1

3. Additionally, venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(1)-(2) and (c).

**Answer: Admitted.**

**THE PARTIES**

4. Plaintiff, Yulan Rattan, is a corporation with its principal place of business located in Jiangmen, Guangdong Province, China. However, Plaintiff conducts continuous business in various states in the United States of America.

**Answer: Twin Star lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.**

5. Defendant, Twin Star, is a Florida corporation residing in Boca Raton, Palm Beach County, Florida, United States of America.

**Answer: Admitted.**

**FACTUAL BACKGROUND**

6. Plaintiff, Yulan Rattan, is a furniture manufacturer and exporter located in China.

**Answer: Twin Star lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.**

7. Defendant, Twin Star, is an international furniture seller with its principal place of business located in the State of Florida. Twin Star is also a publicly-traded company and a portfolio company of Z Capital Partners, L.L.C.

**Answer: Admitted that Twin Star is a furniture seller with its principal place of business located in Florida. Denied as to the remainder, and specifically denied that Twin Star is a publicly traded company.**

8. Grand Basket, Inc. (hereinafter "Grand Basket"), is a furniture seller located in the State of Colorado which, upon information and belief, used to sell furniture throughout the United States.

**Answer: Admitted.**

9. Prior to February 15, 2023, Yulan Rattan entered into a verbal contract with Grand Basket to sell Furniture.

**Answer: Denied that there was one formal verbal contract between Grand Basket and Plaintiff. Twin Star lacks sufficient knowledge or information to form a belief as to the capitalized term "Furniture" as it appears to be a defined term that is not defined in the Complaint.**

10. Between February 15, 2023, and November 30, 2023, pursuant to the Grand Basket Contract, Yulan Rattan manufactured, shipped, and delivered the Furniture in accordance with the Grand Basket Contract, and issued various invoices to Grand Basket for payment.

**Answer: Twin Star lacks sufficient knowledge or information to form a belief as to the meaning of "Furniture" or the terms of the "Grand Basket Contract." Admitted that Between February 15, 2023 and November 30, 2023 Plaintiff manufactured, shipped and delivered some goods to Grand Basket and issued invoices for the goods. Denied as to the remainder.**

11. On or about January 3, 2024, Grand Basket's operations were officially acquired by Twin Star, with Grand Basket becoming a wholly-owned subsidiary of Twin Star.

**Answer: Admitted that Twin Star acquired Grand Basket, Inc. on or about January 3, 2024. Denied that Twin Star assumed any liabilities or debts owed by Grand Basket to Plaintiff, as Grand Basket remains a separate corporate entity.**

12.     In reliance on Twin Star's representations that continued shipments were necessary for repayment of the "old" debt accrued by Grand Basket, Yulan Rattan agreed to continue selling new products to Twin Star and continue shipments, beginning in January of 2024, in exchange for payment being made on a "net30" basis (hereinafter the "Twin Star Contract"). The parties orally agreed that the Twin Star Contract would follow the terms of the Grand Basket Contract.

**Answer: Denied.**

13.     Between January of 2024 and August of 2024, Yulan Rattan shipped new Furniture to Twin Star pursuant to the Twin Star Contract with a total price of three million, six hundred and eighty-eight thousand, eight hundred and thirty-six dollars and seventy-eight cents ($3,688,836.78). Invoices reflecting the Furniture purchased by and shipped to Twin Star that remain unpaid are attached hereto and incorporated herein by reference as Composite Exhibit A.

**Answer: Denied.**

14.     During that same period of time, Twin Star paid Yulan Rattan two million, five hundred thousand dollars ($2,500,000.00) for said new Furniture, leaving an unpaid balance of one million, one hundred and eighty-eight thousand, eight hundred and thirty-six dollars and seventy-eight cents ($1,188,836.78) for the "new" Twin Star debt.

**Answer: Denied.**

15.     At no time did Twin Star uphold its prior agreement to repay the "old" Grand Basket debt that it had guaranteed in writing—no money was paid to compensate Yulan Rattan for the "old" Grand Basket debt.

**Answer: Denied. Twin Star denies that it ever entered into any agreement to repay, or guaranteed, any debt owed by Grand Basket, Inc. to Plaintiff.**

16.     On September 19, 2025, Yulan Rattan, through its legal counsel, sent correspondence to Twin Star's Chief Operating Officer, Richard Garrity, demanding repayment of five million, seven hundred and seventy-nine thousand, fifty-four dollars and ten cents ($5,779,054.10) for both the "old" Grand Basket debt and the "new" Twin Star debt, inclusive of interest to that time. A true and correct copy of this September 19, 2025 Demand Letter from Yulan Rattan to Twin Star is attached hereto and incorporated herein by reference as Exhibit B.

**Answer: Admitted that Plaintiff's legal counsel sent a letter addressed to Mr. Garrity. As to the contents of Exhibit B, the document speaks for itself.**

17.     Twin Star never responded to Exhibit B.

**Answer: Admitted that Twin Star did not respond directly to Exhibit B.**

18.     Yulan Rattan has retained the undersigned law firm to represent it in this action and is obligated to pay reasonable attorney's fees in conjunction with same.

**Answer: Twin Star lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.**

19.     All conditions precedent to the prosecution of this action have occurred, been waived, or were performed.

**Answer: Denied.**

<u>**COUNT I – BREACH OF CONTRACT**</u>

20.     Plaintiff hereby reincorporates paragraphs 1-19 as fully restated herein.

**Answer: Twin Star incorporates its responses to Paragraphs 1-19 as if fully set forth herein.**

21.     At all material times stated above, there was a valid and binding contract between Yulan Rattan and Twin Star for the purchase and sale of Furniture from Yulan Rattan to Twin Star in exchange for valuable consideration in the form of moneys paid.

**Answer: Denied.**

22.     By failing to pay moneys owed for the "new" Twin Star debt, Twin Star materially breached the Twin Star Contract between itself and Yulan Rattan.

**Answer: Denied.**

23.     Twin Star's material breach of the Twin Star Contract directly and proximately caused tangible damages to Yulan Rattan in excess of one million, one hundred and eighty-eight thousand, eight hundred and thirty-six dollars and seventy-eight cents ($1,188,836.78), exclusive of interest, the exact amount to be determined through discovery or at trial.

**Answer: Denied.**

### COUNT II – UNJUST ENRICHMENT

24.     Plaintiff hereby reincorporates paragraphs 1-8 and 11-19 as fully restated herein.

**Answer: Twin Star incorporates its responses to Paragraphs 1-8 and 11-19 as if fully set forth herein.**

25.     This is an action for unjust enrichment against Defendant and is pled in the alternative to Count I for Breach of Contract, and only if the Court finds that no valid or enforceable contract existed between the parties or that any such valid or enforceable contract was rescinded at any material time.

**Answer: This allegation states a legal conclusion to which no response is required. To the extent a response is required, Twin Star denies the same.**

26.     Between January of 2024 and August of 2024, Yulan Rattan conferred benefits upon Twin Star in excess of one million, one hundred and eighty-eight thousand, eight hundred and thirty-six dollars and seventy-eight cents ($1,188,836.78), exclusive of interest, the exact amount to be determined through discovery or at trial.

**Answer: Denied.**

27.     Twin Star appreciated and had knowledge of this benefit by virtue of Twin Star's acceptance of the furniture shipped by Yulan Rattan and the corresponding invoices forwarded by Yulan Rattan to Twin Star.

**Answer: Denied.**

28.     Twin Star's acceptance and retention of the benefits conferred by Yulan Rattan in the form of furniture received makes it inequitable that Twin Star should retain said benefits without payment of the value of same.

**Answer: Denied.**

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest upon Plaintiff, Twin Star asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Privity)**

Plaintiff's claim fails because there was no privity of contract between Plaintiff and Twin Star. Any contractual relationship that existed was between Plaintiff and Grand Basket, Inc., a separate legal entity.

**SECOND AFFIRMATIVE DEFENSE**
**(Express Contract Bars Unjust Enrichment)**

To the extent Plaintiff's unjust enrichment claim is premised on the existence of a contract, such claim is barred because unjust enrichment is not available as a remedy where an express contract governs the subject matter of the dispute. The parties' relationship, if any, was governed by an express contract between Plaintiff and Grand Basket, Inc.

7

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed to mitigate its damages, and any recovery should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE
### (Mutual Mistake)

To the extent a contract may have been formed between Twin Star and Plaintiff, the contract was the result of a mutual mistake because the parties did not intend to create new contract between Plaintiff and Twin Star, otherwise change the relationship to replace Plaintiff's business relationship with Grand Basket with Twin Star, or for Twin Star to assume any liabilities or contracts of Grand Basket.

### FIFTH AFFIRMATIVE DEFENSE
### (Unilateral Mistake)

To the extent a contract may have been formed between Twin Star and Plaintiff, the contract was the result of a unilateral mistake because Twin Star did not intend to create new contract between Plaintiff and Twin Star, otherwise change the relationship to replace Plaintiff's business relationship with Grand Basket with Twin Star, or for Twin Star to assume any liabilities or contracts of Grand Basket.

### Reservation of Additional Defenses

Twin Star reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

**WHEREFORE**, Defendant, TWIN STAR INTERNATIONAL, INC., respectfully requests that this Court enter judgment in its favor and against Plaintiff on all counts; award Defendant its costs and attorneys' fees incurred in defending this action; and grant such other and further relief as this Court deems just and proper.

8

Date: February 20, 2026

Respectfully submitted,

**GUNSTER, YOAKLEY & STEWART, P.A.**
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
(561) 655-1980

/s/_____
**John W. Terwilleger, Esq.**
Florida Bar No. 107095
jterwilleger@gunster.com
lmusco@gunster.com
eservice@gunster.com
**Ryan C. Childress, Esq.**
Florida Bar No. 1049623
rchildress@gunster.com
mmargolese@gunster.com

*Attorneys for Defendant, Twin Star International Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2026 the foregoing document was served electronically via e-mail upon counsel of record.

ACTIVE:39293059.1

9