# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JIANGMEN YULAN RATTAN FURNITURE FACTORY,<br><br>*Plaintiff,*<br><br>vs.<br><br>TWIN STAR INTERNATIONAL, INC., d/b/a TWIN STAR HOME,<br><br>*Defendant.* | Civil Action Case No. 9:26-cv-80077-EA |

### NOTICE OF AMENDED SUBPOENA

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiff is issuing the attached amended subpoena to the following non-party witnesses:

- **PNC BANK, NATIONAL ASSOCIATION**

The subpoena calls for the production of documents or things specified in the subpoena and the attachment to the subpoena on the date, time, and location indicated in the subpoena.

Date: August 13, 2026

/s/*Anthony M. Lawhon, Esq.*
Anthony M. Lawhon, Esq.
Lawhon Goggin, LLP
3003 Tamiami Trail N., Suite 200
Naples, Florida 34103
(239) 325-8956 (phone)
(239) 236-3300 (fax)
tonylawhon@lawhon-law.com
cathyray@lawhon-law.com
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

JIANGMEN YULAN RATTAN
FURNITURE FACTORY,

     *Plaintiff,*

     vs.              Civil Action Case No. 9:26-cv-80077-EA

TWIN STAR INTERNATIONAL,
INC., d/b/a TWIN STAR HOME,

     *Defendant.*

### PROOF OF SERVICE

I, Anthony M. Lawhon, Esq,, declare as follows:

     My address is:

          Anthony M. Lawhon, Esq.
          Lawhon Goggin, LLP
          3003 Tamiami Trail N., Suite 200
          Naples, Florida 34103

     On, August 13, 2026, I served the attached NOTICE OF AMENDED SUBPOENA on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail in Naples. FL, <u>and </u>by transmitting a true and correct copy via electronic mail to the following counsel:

GUNSTER, YOAKLEY & STEWART, P.A.
Attn: John W. Terwilleger, Esq.
Ryan C. Childress, Esq.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Email: jterwilleger@gunster.com
Email: lmusco@gunster.com
Email: eservice@gunster.com
Email: rchildress@gunster.com
Email mmargolese@gunster.com
*Attorneys for Defendant, Twin Star*
*International Inc.*

Page **2** of **3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2026 at Naples, FL.

/s/*Anthony M. Lawhon, Esq.*
Anthony M. Lawhon, Esq.
Lawhon Goggin, LLP
3003 Tamiami Trail N., Suite 200
Naples, Florida 34103
(239) 325-8956 (phone)
(239) 236-3300 (fax)
tonylawhon@lawhon-law.com
cathyray@lawhon-law.com
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

JIANGMEN YULAN RATTAN
FURNITURE FACTORY,

*Plaintiff,*

vs.                                        Civil Action Case No. 9:26-cv-80077-EA

TWIN STAR INTERNATIONAL,
INC., d/b/a TWIN STAR HOME,

*Defendant.*

**AMENDED[1] SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

**To: PNC BANK, NATIONAL ASSOCIATION**
   **C/O REGISTERED AGENT**
   **CORPORATION SERVICE COMPANY**
   **1201 HAYS STREET**
   **TALLAHASSEE, FL 32301-2525**

**[X] Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and to permit
inspection, copying, testing, or sampling of the material:

1. **For the time period December 1, 2023 through January 31, 2025, produce the
   following records and documents for Account #8026457769:**

   a. **Documents and records sufficient to identify the owner(s), holder(s) and/or
      beneficiary/ies of Account #8026457769;**

   b. **Account opening and origination documents for Account #8026457769,
      including, but not limited to, applications and signature card(s);**

   c. **Monthly bank statements limited to disclosing the identity of payments to, on
      behalf of, or for the beneficiary of Yulan Rattan or any similar entity, related
      entity, parent or subsidiary;**

---

[1] This Amended Subpoena Duces Tecum amends the original subpoena solely to revise the Registered
Agent's address. All other terms and provisions remain unchanged.

d. **Monthly bank statements limited to disclosing the identify of payments to, on behalf of, or for the beneficiary of, Norin Development Co, Ltd, or any similar entity, related entity, parent or subsidiary;**

e. **Records of deposits, transfers, and wire transactions adding funds to Account #8026457769 by Grand Basket, Inc. ("Grand Basket"), and/or Twin Star International, Inc., d/b/a Twin Star Home ("Twin Star").**

f. **Any other documents sufficient to identify transfers, debits, credits, charges or other transactions taking place between Grand Basket and Twin Star.**

g. **An executed Records Custodian Affidavit, substantially in the form attached hereto.**

| Place: | | | Date and Time: |
|---|---|---|---|
| Lawhon Goggin, LLP 3003 Tamiami Trail N., Suite 200 Naples, Florida 34103 (Production may be made electronically in PDF format via secure email or file transfer to counsel listed below). | | | 14 days from the date of service of the subpoena. |

The following provisions of Fed. R. Civ. P. 45 **are attached** – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: _____, 2026**

*CLERK OF COURT*

_____     **OR**     */s/*_____
*Signature of Clerk or Deputy Clerk*                    **Anthony M. Lawhon, Esq.**
                                                        **LAWHON GOGGIN LLP**
                                                        **Attorneys for Plaintiff**

**The name, address, e-mail address, and telephone number of the attorney representing PLAINTIFF, JIANGMEN YULAN RATTAN FURNITURE FACTORY, who issues this subpoena are:**

Anthony M. Lawhon, Esq.
Lawhon Goggin, LLP
3003 Tamiami Trail N., Suite 200
Naples, Florida 34103
(239) 325-8956 (phone)
(239) 236-3300 (fax)
tonylawhon@lawhon-law.com
cathyray@lawhon-law.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

JIANGMEN YULAN RATTAN
FURNITURE FACTORY,

     *Plaintiff,*

     vs.                   Civil Action Case No. 9:26-cv-80077-EA

TWIN STAR INTERNATIONAL,
INC., d/b/a TWIN STAR HOME,

     *Defendant.*

**AFFIDAVIT OF RECORDS CUSTODIAN**

     BEFORE ME, the undersigned authority, duly authorized to administer oaths

personally  appeared  _____ **[Name of**

**Affiant]**, on this date who after being duly sworn, deposes and states:

1.  My name is _____, I am over the age of

    eighteen, and I make this Affidavit upon personal knowledge.

2.  I am the records custodian for _____("Business"), and I have authority

    to certify the Business's records, whether maintained in electronic and/or paper format, for

    any and all relevant dates.

3.  Counsel for the Plaintiff, JIANGMEN YULAN RATTAN FURNITURE FACTORY, served

    a "Subpoena Duces Tecum Without Deposition" upon the Business.

4.  Business responded to the Subpoena.

5.  **Attached hereto** are the records responsive to the Subpoena Duces Tecum served on the

    Business  in  this  action ("Records").

6.  The Records are true, accurate and complete duplicates of original records of the Business

    that were made at or near the time of the occurrence of the matters set forth by, or from

information transmitted by, a person having knowledge of those matters.

7. The Records were kept in the course of the regularly conducted activities of the Business, and it was the regular practice of the Business to make and maintain these Records.

8. This Affidavit is given pursuant to Federal Rule of Civil Procedure 803(6) by the custodian of the records in lieu of a personal appearance.

     I hereby declare under penalty of perjury that this Affidavit and the documents described herein are true and accurate.

_____

Signature of Records Custodian

_____

Print Name

Date*:*_____

**STATE OF** _____

**COUNTY OF** _____

     SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____,

2026 by_____, as records custodian for

_____, who is personally known to me, or produced _____ as identification, and who did take an oath**.**

_____

Notary Public

**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JIANGMEN YULAN RATTAN FURNITURE FACTORY,<br><br>*Plaintiff,*<br><br>vs.<br><br>TWIN STAR INTERNATIONAL, INC., d/b/a TWIN STAR HOME,<br><br>*Defendant.* | Civil Action Case No. 9:26-cv-80077-EA |

**PROOF OF SERVICE**

I received this subpoena for (name of individual and title, if any) _____ on (date)_____.

[    ] I served the subpoena by delivering a copy to the named person as follows:

on (date) _____;

or

[    ] I returned the subpoena unexecuted because: _____

_____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $ _____for travel and $_____ for services, for a total of $_____

**I declare under penalty of perjury that this information is true.**

**Date:** _____          _____
                                                                    **Server's signature**

**Printed Name and Title:** _____

**Server's Address:** _____

_____

_____

**Additional information regarding attempted service, etc.:**

_____

_____

_____

_____

_____

_____

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

JIANGMEN YULAN RATTAN
FURNITURE FACTORY,

    *Plaintiff,*

      vs.

TWIN STAR INTERNATIONAL,
INC., d/b/a TWIN STAR HOME,

    *Defendant.*

Civil Action Case No. 9:26-cv-80077-EA

## AFFIDAVIT OF RECORDS CUSTODIAN

BEFORE ME, the undersigned authority, duly authorized to administer oaths

personally  appeared  _____  **[Name of**

**Affiant]**, on this date who after being duly sworn, deposes and states:

1.  My name is _____, I am over the age of

    eighteen, and I make this Affidavit upon personal knowledge.

2.  I am the records custodian for _____("Business"), and I have authority

    to certify the Business's records, whether maintained in electronic and/or paper format, for

    any and all relevant dates.

3.  Counsel for the Plaintiff, JIANGMEN YULAN RATTAN FURNITURE FACTORY, served

    a "Subpoena Duces Tecum Without Deposition" upon the Business.

4.  Business responded to the Subpoena.

5.  **Attached hereto** are the records responsive to the Subpoena Duces Tecum served on the

    Business  in  this  action ("Records").

6.  The Records are true, accurate and complete duplicates of original records of the Business

    that were made at or near the time of the occurrence of the matters set forth by, or from

information transmitted by, a person having knowledge of those matters.

7.  The Records were kept in the course of the regularly conducted activities of the Business, and it was the regular practice of the Business to make and maintain these Records.

8.  This Affidavit is given pursuant to Federal Rule of Civil Procedure 803(6) by the custodian of the records in lieu of a personal appearance.

     I hereby declare under penalty of perjury that this Affidavit and the documents described herein are true and accurate.

_____

Signature of Records Custodian

_____

Print Name

Date:_____

**STATE OF** _____

**COUNTY OF** _____

     SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____,

2026 by_____,    as    records    custodian    for

_____, who is personally known to me, or produced _____

as identification, and who did take an oath**.**

_____

Notary Public